UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
PAULETTE VAUGHN and JOY VAUGHN,

                              Plaintiffs,

    -against-

CONSUMER HOME MORTGAGE COMPANY, INC. (CHM), THE FORECLOSURE NETWORK OF NEW YORK, INC. (FNNY), MICHAEL ASHLEY, individually and in his capacity as an officer and/or substantial shareholder of CHM, JAS PROPERTY SERVICES a/k/a JAS LLC, ABN AMRO MORTGAGE GROUP, INC., as assignee of and successor to CHM, MICHAEL PARKER, individually and in his capacity as officer/ employee of CHM, GARY LEWIS, individually and as President of FNNY, JOSHUA SMILING, CHARLES SALVA APPRAISALS, INC., CHARLES SALVA, MARTIN SILVER, ESQ., ANN MCGRANE, ESQ., KENNETH GOLDEN, ESQ. and ALPHONSO JACKSON, as Secretary of the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

                              Defendants.

                              <u>AMENDED ORDER</u>
                              01-CV-7937 (ILG)

---------------------------------------------------x
DANA Y. BANKS and DAVID B. MOUNSEY,

                              Plaintiffs,

    -against-

CONSUMER HOME MORTGAGE COMPANY, INC., ET AL.

                              Defendants.
---------------------------------------------------x

GLASSER, United States District Judge:[1]

In a Memorandum and Order dated January 22, 2007, this Court granted in part and denied in greater part the motion pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59") of plaintiffs Paulette and Joy Vaughn for reconsideration of an earlier order, dated August 4, 2006. In that order, the Court granted summary judgment in favor of defendant Martin Silver. That order also granted the motion by Alphonso Jackson, as Secretary of the United States Department of Housing and Urban Development ("HUD"), to dismiss for lack of subject matter jurisdiction the Vaughns' claims arising from their alleged victimization by the scheme of unscrupulous predatory lenders to defraud low-income minority home buyers eligible for HUD-insured home mortgages. See Vaughn v. Consumer Home Mortg. Co., Inc., 470 F. Supp. 2d 248 (E.D.N.Y. 2007). To the extent that it granted reconsideration, reversing its prior determination that the Vaughns had abandoned their claims for common-law fraud and deceptive business practices in violation of N.Y. Gen. Bus. Law § 349, the Court further held that Silver was entitled to summary judgment as to those claims on other grounds. See Vaughn v. Consumer Home Mortg. Co., Inc., 470 F. Supp. 2d 248 (E.D.N.Y. 2007) ("January 22 Order"). Familiarity with the Court's January 22 Order, with its several previous orders

---

[1] On November 19, 2007, this Court issued an Order certifying that portion of its earlier order denying the plaintiffs' motion for reconsideration of its dismissal of the plaintiffs' claims against the United States Department of Housing and Urban Development for interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b), but declining to certify the portion of its earlier order granting summary judgment to defendant Martin Silver on the ground that the plaintiffs failed to establish that they suffered actual injury as a result of Silver's actions. See Order dated November 19, 2007 (docket no. 244) ("November 19 Order"). On November 21, plaintiffs' counsel Richard Wager submitted a letter to the Court urging it to reconsider certifying the Silver summary judgment for interlocutory appeal. The Court invited the other parties to respond to Mr. Wagner's letter by November 28. With no responses being forthcoming, and the Court being persuaded by Mr. Wagner's letter and its own review of the case file that Rule 54(b) certification is appropriate as to the Silver summary judgment, it issues this Amended Order in which Part 2 of the original Order has been replaced to state the Court's reasons why Rule 54(b) certification as to the Silver summary judgment is appropriate.

in this case, and with the general facts of the case shall be herein presumed.

In the January 22 Order, the Court expressly instructed that partial final judgment be entered in HUD's and Silver's favor pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). That portion of the order stated, in its entirety, as follows:

> As the court previously noted in its discussion of the timeliness of the instant motion, Fed.R.Civ.P. 54 provides that, when a motion is dispositive as to fewer than all claims or parties, final judgment shall not be entered as to the claims or parties as to which the motion is dispositive except "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." As the court has also previously noted, the plaintiffs filed a Notice of Appeal of the court's decision in Vaughn III before moving for reconsideration of that opinion pursuant to Rule 59(e). Having determined that there is no just reason to delay the plaintiffs' appeal of the issues resolved by the court in Vaughn III and affirmed in this opinion, the court will direct the District Clerk to enter a final judgment consistent with this order.

Id. at 273. The Vaughns filed a timely notice of appeal, and submitted an appellate brief to the United States Court of Appeals for the Second Circuit pursuant to a briefing schedule set by that court. HUD then moved to dismiss the appeal on the ground that the January 22 Order did not provide a sufficiently detailed statement of the Court's reasons for directing the entry of a partial judgment in favor of Silver and HUD while the Vaughns' claims against other defendants remain pending. In an order filed on November 7, 2007, the Second Circuit granted HUD's motion, dismissing the appeal without prejudice for lack of jurisdiction, and with leave to reinstate should the Vaughns obtain from this Court an adequate statement of the reasons underlying its order that partial judgment be entered pursuant to Rule 54(b).

Rule 54(b) states that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The text of the rule makes no explicit mention of a required statement of reasons underlying a district court's decision to enter partial judgment; rather, it appears to require nothing more than an express determination that there is no just reason for delay and a direction for the entry of partial judgment, which the Court provided in the January 22 Order. However, Second Circuit precedent, of which this Court was concededly unaware in issuing its prior order, has long "interpreted Rule 54(b) even more strictly than the Rule's language requires." In re Chateaugay Corp., 928 F.2d 63, 64 (2d Cir. 1991) (per curiam). Chateaugay makes clear that the Second Circuit requires more than a formulaic recitation of Rule 54(b)'s requirements in order to vest the appellate court with jurisdiction over what would otherwise be an impermissible interlocutory appeal:

> Case law dictates that "a district court cannot merely announce that 'there is no just reason for delay.'" Pension Benefit Guarantee Corp. v. LTV Corp. (PBGC), 875 F.2d 1008, 1014 (2d Cir.1989) (quoting Fed.R.Civ.P. 54(b)). "'Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion.'" Id. (quoting National Bank of Washington v. Dolgov, 853 F.2d 57, 58 (2d Cir.1988) (per curiam) (citation omitted)), rev'd on other grounds, 496 U.S. 633, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990); see Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). If the 54(b) certificate is defective because it is missing either element of Rule 54(b), we are deprived of jurisdiction.

4

Chateaugay, 928 F.2d at 64. The January 22 Order was therefore clearly deficient in failing to provide a statement of this Court's reasons for ordering the entry of partial judgment pursuant to Rule 54(b). This Order is intended to provide such a statement.

1.  The Order Dismissing the Vaughns' Claim Against HUD

The January 22 Order denied the Vaughns' motion for reconsideration of the Court's grant of HUD's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)") to dismiss the action for lack of subject matter jurisdiction, in which the Court held that the Vaughns lack standing to pursue their action for declaratory and injunctive relief against HUD because they have not, and cannot, allege that they are likely to suffer a future injury– i.e., to be victimized again by predatory mortgage lenders due to HUD's purported negligence in reviewing mortgage applications. Although the Vaughns argued that, in the absence of declaratory and injunctive relief against HUD, they would suffer an intolerably high risk of being deceived again when they re-enter the housing market, the Court held that theory of injury too speculative and remote to establish standing to seek equitable relief against HUD. See Vaughn v. Consumer Home Mortg. Co., Inc., No. 01-CV-7937, 2006 WL 2239324, at *7 (E.D.N.Y. August 4, 2006). The January 22 Order denied the Vaughns' motion to reconsider that holding, rejecting their argument that the Supreme Court's decision in Gratz v. Bollinger, 539 U.S. 244 (2003), and the Second Circuit's decision in Comer v. Cisneros, 37 F.3d 775 (1994), abrogated the standing analysis that the Court applied in its August 4, 2006, opinion.

The Court believes that entry of partial judgment in HUD's favor, thereby permitting the Vaughns to appeal the Court's holding on the standing issue immediately rather than at when all of the claims pending in this action have been resolved, is

5

appropriate for several reasons. First, that claim was dismissed at a very early stage of the proceeding, before the Court examined the merits of the Vaughns' claims or even the adequacy of their pleading. Should the Court of Appeals ultimately hold that the Vaughns do have standing to pursue their claims against HUD, the ends of judicial economy would be substantially facilitated by giving this Court the opportunity to proceed to an examination of the adequacy of the Vaughns' pleading and, if their complaint against HUD survives a motion to dismiss pursuant to Rule 12(b)(6), then on to the merits of their claim while simultaneously addressing the other pending claims, rather than starting afresh with the claim against HUD after the other claims have been resolved on the merits. Moreover, the standing issue presented in this case is one of substantial public concern about which reasonable jurists might disagree. See, for example, <u>M&T Mortg. Corp. v. White</u>, No. 04-CV-4775, 2006 WL 47467 (E.D.N.Y. January 9, 2006) (Garaufis, J.), in which the eminently reasonable district court held, in a case virtually identical to this one, that the third-party plaintiff had standing to pursue his claim for declaratory relief against HUD under the same theory advanced here, and denied HUD's motions to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). While this Court obviously believes that its analysis of the standing issues presented here is the correct one, <u>M&T Mortgage</u> demonstrates, first, that a reasonable application of Article III's standing requirement could lead to the opposite result, and second, that this is an issue that may recur in other litigation during the pendency of this action, the outcome of which may be influenced by this Court's holding. To the extent that this Court's holding on the standing issue might have a chilling effect in litigation brought by other alleged victims of predatory lending practices, and particularly in light of the disagreement

6

between this Court and the M&T Mortgage court on this issue, the interests of justice favor permitting an immediate appeal of this Court's resolution of the issue of the Vaughns' standing to seek equitable relief against HUD.  Finally, as the Court noted in footnote 19 of the January 22 Order, the Vaughns' argument that the purportedly higher risk of being victimized a second time by unscrupulous lenders as a result of HUD's failure to adequately screen mortgage applications bestows standing upon them to seek declaratory and injunctive relief against HUD is not entirely without support in Second Circuit precedent.  See 470 F. Supp. 2d at 267 n. 19 (citing Baur v. Veneman, 352 F.3d 625, 634 (2d Cir. 2003)).  For all these reasons, the Court believes that partial judgment pursuant to Rule 54(b) in favor of HUD as to the Vaughns' claims for equitable relief against it is appropriate in this case.

2.     The Order Granting Summary Judgment to Silver

As noted in footnote 1, the Court's original Order declined to grant Rule 54(b) certification as to the Vaughns' claims against defendant Silver, finding that "[n]othing about these routine tort claims bespeaks a level of urgency that would warrant the entry of partial judgment pursuant to Rule 54(b)." November 19 Order at 8.  On November 21, Richard J. Wagner, counsel for the plaintiffs, submitted a letter to the Court urging it to reconsider that decision.  Mr. Wagner's principal argument is that the Court's holding that the Vaughns have failed to establish that they sustained actual injury as a result of their experience effectively precludes all of their claims against all of the remaining defendants, including those who did not move for summary judgment, because actual injury is an element common to all of their remaining claims.  Because the Vaughns' claims against the non-moving defendants were not before the Court in the motions for

7

summary judgment or the motion for reconsideration, it did not have them in mind when issuing the November 19 Order denying Rule 54(b) certification for this portion of its order granting summary judgment to Silver. Having considered the matter more fully in light of Mr. Wagner's letter, the Court now concludes, for the reasons stated in that letter, that Rule 54(b) certification is appropriate.

Aside from Silver and HUD, the Vaughns have active claims against six defendants: The Foreclosure Network of New York, Inc. ("FNNY"); JAS Property Services a/k/a/ JAS LLC ("JAS"); Gary Lewis, individually and as President of FNNY; Joshua Smiling; Charles Salva Appraisals, Inc.; and Charles Salva. All of these defendants except JAS are named in Counts One, Two, and Seven of the First Amended Complaint.[2] Those counts allege common-law fraud (Count One) and fraudulent inducement (Count Two), and fraudulent business practices in violation of N.Y. Gen. Bus. L. § 349 (Count Seven). As the Court noted in its January 22 Order, the element of actual injury is common to each of those causes of action. See 470 F. Supp. 2d at 269. Defendant JAS is named only in Count Eleven, which alleges that JAS "acted in a negligent and reckless fashion in allowing the corporation to be misused and damages plaintiffs who never obtained from JAS good and lawful title." 1st Am. Compl. ¶ 246. It is an elementary matter of law that "[t]he elements of a cause of action in negligence are

---

[2] The Vaughns may also intend to assert liability under Count Six against some or all of these defendants. Count Six, which alleges liability under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., does not specify which defendants are allegedly liable for statutory violations. Even if the Vaughns do assert liability under the Truth in Lending Act against all remaining defendants, the Court believes that Rule 54(b) certification remains appropriate in this case. While it is true that the Truth in Lending Act permits the award of statutory damages for a violation even where actual injury is not established, see 15 U.S.C. § 1640; Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50 (2004), it would make little sense to compel the Vaughns to go to trial on their Truth in Lending Act claims while the bulk of their claims against all of the remaining defendants remain in the limbo created by the Court's holding in the January 22 Order that the Vaughns have failed to establish actual injury.

8

'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" Rodriguez v. Budget Rent-A-Car Sys., Inc., 841 N.Y.S.2d 486, 491 (1st Dep't 2007) (quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333 (1981)). Thus, the Court's holding that the Vaughns have failed to raise a genuine issue of fact as to the element of injury and actual damages would effectively preempt their claims against all of the remaining defendants. While the Court could grant summary judgment to those defendants sua sponte on the ground that the Vaughns' claims against them are precluded by the holding of the January 22 Order, see, e.g., Loyal Tire & Auto Center, Inc. v. Town of Woodbury, 445 F.3d 136 (2d Cir. 2006) (affirming in part district court's grant of summary judgment sua sponte), which might permit the Vaughns to appeal without a Rule 54(b) certification (though they would still likely have to wait until the Truth in Lending Act Claims and perhaps the claims of the plaintiffs in the related case of Banks v. Consumer Home Mortgage, 01-CV-8508, are resolved), they would be required to file a new notice of appeal, prepare and submit new memoranda of law, and proceed through the appellate process from the beginning simply to obtain resolution of an issue that has already been fully briefed and is currently pending before the Second Circuit. Moreover, permitting the Vaughns to appeal now could potentially end this long-running litigation. If the Court of Appeals ultimately affirms this Court's holding that the Vaughns have failed to establish actual injury, then, as Mr. Wagner candidly recognized in his November 21 letter, their claims against the remaining defendants would likely be terminated. If, on the other hand, the Second Circuit reverses this Court, then the Vaughns could proceed to trial against all of the remaining defendants. For all these reasons, the Court finds that judicial economy and

fundamental fairness counsel permitting the Vaughns to appeal this Court's grant of summary judgment to Silver now.

## **CONCLUSION**

For the reasons stated above, the Clerk of Court is instructed to amend the Judgment entered on March 2, 2007, in a manner consistent with this Order. Final judgment is to be entered in favor of both HUD and Martin Silver. The Order of this Court issued on November 19, 2007, is hereby withdrawn and replaced by this Amended Order.

SO ORDERED.

Dated:    December 3, 2007
          Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge

On this day, copies of the foregoing were sent electronically to:

**Attorneys for Plaintiffs**

Richard J. Wagner
Brooklyn Legal Services Corp. 'A'
80 Jamaica Avenue
Brooklyn, NY 11207

Hugh A. Zuber &
Peter A. Cross
Jacob, Medinger & Finnegan, LLP
1270 Avenue of the Americas
New York, NY 10020

**Attorney for HUD**

Edward K. Newman
United States Attorney's Office
1 Pierrepont Plaza
Brooklyn, NY 11201

**Attorney for defendant Martin Silver, Esq.**

Michael F. McGowan
Boundas Skarzynski Walsh & Black LLC
One Battery Park Plaza
Floor 22
New York, NY 10004

**Attorney for Jeffrey Tanen, Esq. and Bank Tanen and Bank, P.C.**

James G. Ryan
Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850

**Attorney for the Foreclosure Network of Metro New York**

George G. Coffinas
Coffinas & Coffinas LLP
275 Madison Avenue
New York, NY 10016

**Attorney for Charles Salva and Charles Salva Appraisals, Inc.**

Robert Mauer
1205 Franklin Avenue
Garden City, NY 11530

**Attorneys for ABN AMRO Mortgage Group, Inc.**

Joseph M. Pastore, III
Brown Raysman Millstein Felder and Steiner, LLP
900 Third Avenue
New York, NY 10022